# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

PATRICK GATHIGI KARANJA,

Petitioner,

v.

A. NEIL CLARK, Field Office Director, U.S. Immigration and Customs Enforcement,

Respondent.

NO. C09-472-RSL-JPD

REPORT AND RECOMMENDATION

## I. INRODUCTION AND SUMMARY CONCLUSION

Petitioner, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. 6). Petitioner argues that his detention is unlawful because he is unable to pay the $20,000 bond amount imposed by the Immigration Judge, and requests that the Court order a "bond reduction individualized hearing." *Id*. Respondent has moved to dismiss, arguing that petitioner has received three individualized bond hearings before an Immigration Judge, and that no further custody review is necessary or warranted. (Dkt. 11).

For the reasons set forth below, the Court recommends that petitioner's habeas petition be DENIED and respondent's motion to dismiss be GRANTED.

REPORT AND RECOMMENDATION - 1

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Kenya, who was admitted to the United States on September 19, 1998, as a non-immigrant F-1 student to attend Highline Community College, in Des Moines, Washington. (Dkt. 13 at R76). The visa authorized petitioner to remain in the United States until July 29, 2003. (Dkt 13 at R18, R79).

On April 7, 2008, immigration officials encountered petitioner at the Pierce County Jail in Tacoma, Washington, where he was detained on charges of Assault in the Fourth Degree and Interference with the Reporting of Domestic Violence. (Dkt. 13 at R79-80). Immigration Officials interviewed petitioner and determined that he had stopped attending school in the Spring of 1999 in violation of the terms of his admission, and had remained in the United States illegally for the past nine years. *Id*. ICE issued an immigration detainer, and petitioner was released into ICE custody and transferred to the Northwest Detention Center in Tacoma, Washington, the same day. (Dkt. 13 at R4).

On April 8, 2008, ICE issued a Notice to Appear, placing petitioner in removal proceedings and charging him with being subject to removal from the United States under Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), for remaining in the United States for a time longer than permitted, and under INA § 237(a)(1)(C)(i), for failing to comply with the conditions of his nonimmigrant visa. (Dkt. 13 at L4-5B). ICE also issued a Notice of Custody Determination, setting bond in the amount of $20,000. (Dkt. 13 at L2). Petitioner requested a bond redetermination hearing before an Immigration Judge ("IJ") and submitted documentation in support of his release, including medical records, support letters from friends and family, a business license, a personal declaration, and additional personal references. (Dkt. 13 at L112-27). On April 28, 2008, the IJ issued a custody order, determining that bond should remain at $20,000. (Dkt. 13 at L33). Petitioner reserved appeal of the IJ's bond redetermination but did not submit an appeal to the Board of Immigration Appeals ("BIA").

On September 9, 2008, petitioner filed his first Petition for Writ of Habeas Corpus in this Court, which challenged his detention pending the completion of his removal proceedings. *See Karanja v. Clark*, C08-1351-TSZ (Dkt. 6). In that habeas action, petitioner argued that his detention was unconstitutional and indefinite because he could not afford the $20,000 bond amount set by the Immigration Judge. *Id*.

While his first habeas petition was pending, petitioner filed a second motion to reduce bond with the Immigration Court. (Dkt. 13 at L202-209). On November 3, 2009, the IJ denied petitioner's second motion to reduce bond, finding that there were no changed circumstances. (Dkt. 13 at L175). Petitioner did not appeal the IJ's bond decision. On November 14, 2008, the IJ denied petitioner's applications for relief from removal and ordered him removed to Kenya. (Dkt. 13 at L178-87). Petitioner appealed the IJ's removal order to the BIA.

On January 12, 2009, this Court dismissed petitioner's first habeas petition, finding that petitioner's challenge to the reasonableness of the bond amount was not subject to judicial review, and that petitioner's detention was not indefinite because he remained capable of being removed, even if it has not yet been determined that he should be removed. *See Karanja,* C08-1351-TSZ (Dkt. 15).

Petitioner requested and received a third bond redetermination hearing on January 14, 2009. (Dkt. 13 at L357-58). Based on the evidence presented at the hearing, the IJ found that the only changed circumstances was that petitioner's applications for relief from removal had been denied, and he had been ordered removed. The government argued that petitioner was a flight risk and moved the court to raise petitioner's bond. The IJ granted the government's motion and raised the bond from $20,000 to no bond. *Id*. Petitioner filed an appeal of the IJ's bond decision with the BIA, which was subsequently denied. (Dkt. 13 at R103).

On February 11, 2009, the BIA dismissed the appeal of the IJ's removal order. (Dkt. 13 at R105-07). On February 26, 2009, petitioner filed a Petition for Review of the BIA's decision and a Motion for Stay in the Ninth Circuit. (Dkt. 13 at R109-10). Under Ninth Circuit General Order

6.4(c)(1), this caused a temporary stay to automatically issue. Petitioner's petition for review remains pending in the Ninth Circuit.

On April 6, 2009, petitioner filed the present action, challenging the lawfulness of his continued detention. (Dkt. 6). On June 1, 2009, respondent filed a Return and Motion to Dismiss. (Dkt. 11). Petitioner did not file a response.

## III. DISCUSSION

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. 8 U.S.C. § 1226. That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings. Once removal proceedings have been completed, the detention and release of the alien shifts to INA § 241, 8 U.S.C. § 1231. Section 241(a)(1)(A) of the INA states that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). During the removal period, continued detention is required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2).

The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1), which provides:

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.</u>

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added). Thus, pursuant to Section 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien

REPORT AND RECOMMENDATION - 4

continues to be detained under Section 236 until the court renders its decision. *See Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008).

In the present case, the Ninth Circuit has issued a stay pending its review of petitioner's administrative removal order. Because his removal order has been stayed by the Ninth Circuit pending its review of the BIA decision, the removal period has not yet commenced, and petitioner therefore remains detained pursuant to INA § 236(a). *See Prieto-Romero*, 534 F.3d at 1062 ("Because Prieto-Romero filed a petition for review and our court entered a stay, his detention is governed by § 1226(a); only if we enter a final order denying his petition for review will the statutory source of the Attorney General's detention authority shift from § 1226(a) to § 1231(a).").

In *Prieto-Romero*, the Ninth Circuit determined that even though an alien's continued detention is authorized by INA § 236, "due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Prieto-Romero*, 534 F.3d at 1065 (quoting *Zadvydas*, 533 U.S. at 690-91). The Court thus held that an alien has the right to "contest the necessity of his detention before a neutral decision maker and an opportunity to appeal that determination to the BIA." *See Prieto-Romero*, 534 F.3d at 1066 (citing 8 C.F.R. § 236.1(d); *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006)(holding that "an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to community at large, likely to abscond, or otherwise a poor bail risk.")).

Here, the administrative record shows that petitioner received two bond hearings while his immigration proceedings were pending before the IJ, and a third bond hearing while his case was pending before the BIA. At the third hearing, the IJ found that the government had established that petitioner was a flight risk and was therefore not entitled to any bond. (Dkt. 13 at L357-58). Petitioner appealed the IJ's bond decision to the BIA, which subsequently dismissed the appeal. Thus, petitioner has "had an opportunity to contest the necessity of his detention before a neutral decision maker and an opportunity to appeal that determination to the BIA." *Prieto-Romero*, 534

F.3d at 1066. Section 236(e) does not permit this Court to review the Attorney General's "discretionary judgment" to detain petitioner without bond. *See id*. at 1067 (citing 8 U.S.C. § 1226(e)). Petitioner has been granted the relief sought and there is no other relief that this Court can provide.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition be DISMISSED, that respondent's motion to dismissed be GRANTED, and that this matter be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 27th day of July, 2009.

/s/ James P. Donohue
JAMES P. DONOHUE
United States Magistrate Judge